(115 App. Div. 580)

## WRIGHT v. ECKERT.

(Supreme Court, Appellate Division, Second Department.   November 16, 1906.)

1. APPEAL—ISSUES IN LOWER COURT—MATTERS NOT PRESENTED—REVIEW.

Where the theory of the court in its charge is consistent with the evidence and with the theory on which the case was tried, the defeated party cannot on appeal urge another theory, though tenable if brought forward in time, as a ground for reversal.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 1053–1066.]

2. SAME.

Where an action for copies of a bust made by a sculptor was tried on the theory that there was no contract between the sculptor and defendant, and that defendant had expressed a desire to have copies of a bust made, without entering into a contract for the same, defendant, on appeal from a judgment against him, could not urge that the contract for the copies was made when the original clay model was under consideration, and that the contract, if any, referred to. duplicates of the original bust of life size, while that which was subsequently made and accepted was of heroic size.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 1053–1066.]

Appeal from Trial Term.

Action by Grant Wright against Clendenin Eckert. From a judgment for plaintiff and from an order denying a motion for a new trial upon the minutes, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

William B. Ellison (Duncan A. MacIntyre, on the brief), for appellant.

Gilbert Ray Hawes, for respondent.

WOODWARD, J. The plaintiff's assignor, Frederick B. Triebel, is a sculptor, and the evidence in this case warranted the jury in finding that in May, 1903, Triebel entered into a contract with the defendant for a bronze portrait bust of the latter's father; that the terms of the contract were that the work was to be executed for $600, upon condition that the defendant would procure contracts for other busts among his friends, although his regular price for such work was $2,000; that Triebel modeled a bust in clay, which was approved by the defendant; that this bust became damaged by frost, and Triebel then made a new model, which was accepted by the defendant; that at a luncheon given by the defendant to plaintiff's assignor an order was given for two copies of the bust, upon the same terms as the original; that the defendant has accepted and paid for one of these busts the sum of $600, refusing to accept and pay for the other two at $2,000 each, although it was conceded that he had not procured any orders for similar work among his friends. At the close of the evidence there was no motion to dismiss the complaint, and the case was sent to the jury upon a charge to which neither party offered any objections, and the jury found in favor of the plaintiff for the full amount of his claim. The defendant appeals to this court.

Upon this appeal the defendant urges as his principal point that the contract for the additional busts was made at a time when the original clay model was under consideration; that the contract, if any, referred to duplicates of this original bust of life size, while that which was subsequently made and accepted by the defendant was of heroic size. This point does not appear to have been made upon the trial, nor is it suggested in the pleadings, and the charge of the court clearly pointed out the issue as it was presented by the evidence, and no one objected to this view of the case, and it is very late to urge the point now, conceding that it might have had merit if brought forward in time. Our attention is called to a line of cases holding that, where the trial court has made a charge presenting an entirely wrong theory to the jury, the appellant is entitled to a reversal in the Appellate Division, even though no exception was taken, but these cases have no relation to the facts as presented in this case. The theory of the court in its charge is entirely consistent with the theory of the evidence, with the theory on which the case was tried, and there would be little hope of terminating controversies if a newly developed theory, not presented upon the trial by the evidence or the pleadings, could be injected upon appeal. We think it is safe to say that no appellate court has ever sanctioned such a doctrine.

The case was tried upon the distinct theory that there was no contract between Triebel and the defendant, upon the theory that the defendant had merely expressed a desire to have two copies of the bust for his two sons, without entering into a contract for the same, and this was the issue presented to the jury. They have accepted the plaintiff's version of the conversation, which was concededly held at a luncheon where only Triebel and the defendant were present, and the

effort of the appellant to shift the issue upon appeal cannot prevail without doing violence to the rules of sound jurisprudence.

The judgment and order appealed from should be affirmed, with costs. All concur.